UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00622-GNS

MAKEDA JOHNSON                                                                                           PLAINTIFF

v.

CLASS ACT FEDERAL CREDIT UNION et al.                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss and for Summary Judgment (DN 9) filed by Defendant Class Act Federal Credit Union. The motion is ripe for adjudication.

### I.  BACKGROUND

Plaintiff Makeda Johnson ("Johnson") filed this action in Jefferson Circuit Court (Kentucky) based on alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by Defendants Class Act Federal Credit Union ("Class Act"), Equifax Information Services, LLC, and Experian Information Solutions, Inc. (Compl. ¶¶ 1-11, DN 1). The FCRA claims arise from an alleged inaccurate report of a home equity line of credit ("HELOC") account being past due and included in the bankruptcy of Johnson's husband even though the HELOC account was neither past due nor included in the bankruptcy. (Compl. ¶ 13). Johnson's efforts to dispute the inaccurate report have been unsuccessful, resulting in harm to her. (Compl. ¶¶ 14-18).

Class Act has moved to dismiss the Complaint and, alternatively, for summary judgment. (Def.'s Mot. Dismiss, DN 9).

1

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. See 28 U.S.C. § 1331.

## III. DISCUSSION

### A. Motion to Dismiss

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original) (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

Congress enacted the FCRA "to promote 'efficiency in the Nation's banking system and to protect consumer privacy.'" *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 781 (W.D. Ky. 2003) (quoting 15 U.S.C. § 1681(a)). The FCRA places distinct obligations on credit reporting agencies ("CRAs"), users of consumer reports, and furnishers of information to consumer reporting agencies. *See id.* at 782 (citations omitted). Furnishers of financial

2

information to CRAs, like Class Act, have the responsibility to refrain from reporting inaccurate information and to correct inaccurate information. *See* 15 U.S.C. § 1681s-2(a). "[The] FCRA expressly creates a private right of action against a furnisher who fails to satisfy one of five duties identified in § 1681s-2(b)." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018) (quoting *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012)). An affected consumer is permitted to "bring a private cause of action against a furnisher of credit information for either negligent, § 1681o, or willful, § 1681n, violations of the FCRA." *Stafford*, 262 F. Supp. 2d at 783.

1. *Applicable Pleading Standard*

As an initial issue, both parties have addressed the significant differences in the pleading standards between Kentucky and federal courts. (Pl.'s Resp. Def.'s Mot. Dismiss 5, DN 14; Def.'s Reply Mot. Dismiss 1-2, DN 16). Kentucky law requires only notice pleading, and "[i]t is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim." *Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 241 (Ky. 2020) (alteration in original) (quoting *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005)). "The Federal Rules of Civil Procedure 'apply to a civil action after it is removed from a state court.' Indeed, [the Sixth] Circuit has specifically rejected [] [the] argument that state pleading standards apply in removed cases." *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 771-72 (E.D. Ky. 2017) (internal citation omitted) (citations omitted). Thus, this Court must apply Fed. R. Civ. P. 8(a)(2) and the more rigorous *Iqbal/Twombly* standard in evaluating the Complaint and ruling on Class Act's motion to dismiss.

### 2. *Sufficiency of Allegations*

In general, Class Act is critical of the sufficiency of the allegations asserted in the Complaint. (Def.'s Mem. Supp. Mot. Dismiss 8-12, DN 9-1). It raises numerous issues relating to the claims asserted.

#### a. **Fair Credit Reporting Act**

In determining whether Johnson has stated a FCRA claim against Class Act, the Court must consider: "(i) whether the complaint addresses all the material elements necessary to recover under some legal theory; and (ii) whether the complaint addresses those elements "with factual material sufficient to raise a right to relief beyond mere speculation." *Hawes v. Bank of Am., N.A.*, No. 13-CV-10063, 2013 WL 4053143, at *2 (E.D. Mich. Aug. 12, 2013) (citation omitted). As a sister court has explained:

> Under section 1681s-2(b), when a furnisher of information receives a notice of dispute from a CRA, it must (1) conduct an investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides.

*Id.* at *3 (citing 15 U.S.C. § 1681s-2(b)). These obligations under the FCRA are triggered when "a furnisher of information has received notification pursuant to 15 U.S.C. § 1681i(a)(2)." *Id.* In addition, Section 1681i(a)(2) "provides that notification must be provided by a CRA—not a consumer—to trigger the furnisher's reinvestigation and reporting obligations." *Id.* (citing 15 U.S.C. § 1681i(a)(2)).

In Paragraphs 13 to 18, Johnson asserts various allegations in support of the required elements to support her FCRA claims. These allegations outline her theory of how Class Act violated the FCRA, and there are sufficient factual statements in support of the elements of the claims. While Class Act criticizes Johnson for not providing further factual details to support the

claims, it seeks to hold Johnson to a higher standard than required by *Iqbal*/*Twombly*. Accordingly, Class Act's motion is denied.

### b. Negligent Infliction of Emotional Distress

In its motion, Class Act argues that Johnson asserted a separate claim for negligent infliction of emotional distress and contends that there are insufficient allegations to support such a claim under Kentucky law. (Def.'s Mem. Supp. Mot. Dismiss 11-12 (citing Compl. ¶ 18)). No such claim, however, is found in the Complaint. From the allegations in Paragraph 18, it is apparent that the alleged emotional harm arises from Class Act's violation of the FCRA, not a separate state law tort claim. (Compl. ¶ 18). The motion to dismiss is also denied on this basis.

### B. Summary Judgment

Alternatively, Class Act moves for summary judgment. "[T]he general rule is that summary judgment is improper if 'the non-movant is not afforded a sufficient opportunity for discovery.'" *Schirmer v. Powell Cnty. Det. Ctr.*, 685 F. Supp. 3d 459, 463 (E.D. Ky. Aug. 1, 2023) (quoting *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)) While "[i]t is the non-movant's responsibility to demonstrate to the Court why further discovery is needed[,]" courts have recognized that "typically[] 'some discovery must be afforded [to] the non-movant before summary judgment is granted.'" *Id.* at 463-64 (fourth alteration in original) (quoting *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994)). Because Johnson has sufficiently stated FCRA claims against Class Act, the Court declines to consider whether summary judgment is warranted until after the parties have an opportunity to conduct discovery.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and for Summary Judgment (DN 9) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 22, 2025

cc: counsel of record