UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00622-GNS

MAKEDA JOHNSON                                                      PLAINTIFF

v.

CLASS ACT FEDERAL CREDIT UNION et al.                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Class Act Federal Credit Union's Motion for Summary Judgment (DN 36) and Plaintiff's Motion for Leave to Amend (DN 43). The motions are ripe for adjudication.

## I.    BACKGROUND

Plaintiff Makeda Johnson ("Johnson") filed this action in Jefferson Circuit Court (Kentucky) based on alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by Defendant Class Act Federal Credit Union ("Class Act"). (Notice Removal Ex. A, ¶¶ 1-11, DN 1-1 [hereinafter Compl.]). The FCRA claims arise from an allegedly inaccurate report that a home equity line of credit ("HELOC") account was past due and included in the bankruptcy of Johnson's husband. (Compl. ¶ 13). Johnson's efforts to dispute the report have been unsuccessful, resulting in harm to her. (Compl. ¶¶ 14-18). Class Act removed this action to federal court and moved to dismiss Johnson's complaint and for summary judgment. (Notice Removal, DN 1; Def.'s Mot. Dismiss & Summ. J., DN 9). The Court denied both motions, ruling that it would not consider whether summary judgment was warranted until after the parties had an opportunity to conduct discovery. (Mem. Op. & Order 5-6, DN 17).

1

Class Act has now renewed its motion for summary judgment.  (Def.'s Mot. Summ. J., DN 36).

## II.     JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.

## III.     STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party moving for summary judgment may satisfy its burden [of] show[ing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case . . . .'"  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim.  *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*

2

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). "The mere existence of a scintilla of evidence in support of the [moving party's] position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the [moving party]." *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

The Complaint alleges both negligent and willful violations of the FCRA by Class Act. (Compl. ¶¶ 19-21, 30-32). As a sister court has explained:

> Under [S]ection 1681s-2(b), when a furnisher of information receives a notice of dispute from a [credit reporting agency ("CRA")], it must (1) conduct an investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides.

*Hawes v. Bank of Am., N.A.*, No. 13-CV-10063, 2013 WL 4053143, at *3 (E.D. Mich. Aug. 12, 2013) (citing 15 U.S.C. § 1681s-2(b)). Notification of a dispute "must be provided by a CRA—not a consumer—to trigger the furnisher's reinvestigation and reporting obligations." *Id.* (citing 15 U.S.C. § 1681i(a)(2)). "[A] threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a claim under [Section] 1681s-2(b)." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018).

Thus, following the receipt of notice of a consumer's dispute from a credit reporting agency, Class Act was required to conduct a reasonable investigation to determine whether the disputed information could be verified. *Pittman*, 901 F.3d at 629. There is no dispute in this instance that two major credit reporting agencies—Equifax and Experian—received Johnson's complaints and gave notice of the complaints to Class Act.[1] (Def.'s Mem. Supp. Mot. Summ. J.

---

[1] Class Act also states that it received notice of a complaint from TransUnion, but Johnson's response mentions only Equifax and Experian. (Def.'s Mem. Supp. Mot. Summ. J. 4; Pl.'s Resp.

4-5, DN 36-1; Pl.'s Resp. Def.'s Mot. Summ. J. 3, DN 41).  Class Act contends that it conducted an investigation by reviewing its records and confirming that the information it submitted to the reporting agencies was correct, as reflected in an affidavit from a Class Act employee, Erika Roth.  (Def.'s Mem. Supp. Mot. Summ. J. 4-5; Ross Aff. ¶ 8, DN 9-2).  Johnson does not dispute that an investigation took place, but challenges the investigation's findings.[2]  (Pl.'s Resp. Def.'s Mot. Summ. J. 7).  Class Act avers that its original reports to the reporting agencies were correct and therefore did not require correction under the FCRA.  (Def.'s Mem. Supp. Mot. Summ. J. 4-5).  Johnson disagrees.[3]  (Pl.'s Resp. Def.'s Mot. Summ. J. 7).

Johnson specifically takes issue with two distinct characterizations about the HELOC included in Class Act's submissions to the reporting agencies: (i) that the HELOC was included in her husband's bankruptcy; and (ii) that the payment for the HELOC was past due.  (Pl.'s Resp. Def.'s Mot. Summ. J. 2, 6).

Johnson admits that her husband applied for bankruptcy protection in April 2024 and that he listed the HELOC as a potential secured claim.  (Pl.'s Resp. Def.'s Mot. Summ. J. 2; Pl.'s Resp. Def.'s Mot. Summ. J. Ex. 1, at 1, DN 41-1 [hereinafter Statement of Intention]).  Johnson's husband, however, did indicate in his petition that he intended to enter into a reaffirmation agreement with regard to the HELOC.  (Statement of Intention 1).  Johnson

---

Def.'s Mot. Summ. J. 3).  The existence of a TransUnion complaint does not change the analysis in this matter.

[2] To the extent that Johnson asserted a claim for failure to investigate, Class Act is granted summary judgment on that claim.

[3] Johnson also raises discovery issues in her response.  (Pl.'s Resp. Def.'s Mot. Summ. J. 4-5 ("Plaintiff has twice requested available dates prior to the discovery cutoff for the deposition of [Class Act] employee Erika Roth but [Class Act] has not responded to Plaintiff's requests.")).  However, a response is not the proper way to raise these issues.  *See Strange v. Town of Nolensville*, No. 3:18-CV-00773, 2020 WL 1274777, at *2 (M.D. Tenn. Mar. 17, 2020) ("This Court has standard procedures to address case management and discovery disputes.  . . . A response in opposition to a motion to amend is therefore not a proper vehicle in which to ask the Court to weigh in on discovery concerns.").

contends that this means Class Act incorrectly noted that the HELOC was included in the bankruptcy in its submissions to the reporting agencies. (Pl.'s Resp. Def.'s Mot. Summ. J. 6-7). Class Act responds that the fact Johnson's husband included the HELOC in his schedule of secured claims, but an expressed intent to reaffirm the debt does not remove it from the bankruptcy proceeding. (Def.'s Mem. Supp. Mot. Summ. J. 3-4; Def.'s Mot. Dismiss & Summ. J. Ex. D, at 1, DN 9-7).

A reaffirmation agreement "is a contract between the debtor and a creditor under which the debtor, after a bankruptcy petition has been filed, agrees to pay a dischargeable debt." *In re Simonin*, 360 B.R. 627, 629 (Bankr. N.D. Ohio 2006) (quoting *BankBoston, N.A. v. Nanton*, 239 B.R. 419, 422 (D. Mass. 1999)). The agreement "selectively excludes some debts from the effect of a bankruptcy discharge." *Chandler v. Peoples Bank & Tr. Co. of Hazard*, 769 F. App'x 242, 245 (6th Cir. 2019) (quoting *In re Bailey*, 664 F.3d 1026, 1028 (6th Cir. 2011)). "A reaffirmation agreement is not made until it is in writing and signed by both the debtor and the creditor." *Id.* (citing *In re Jenerette*, 558 B.R. 189, 191 (Bankr. E.D. Mich. 2016)). A mere indication of an intent to reaffirm a debt does not automatically remove the to-be-reaffirmed debt from bankruptcy proceedings. *See In re Graham*, 430 B.R. 473, 479 (Bankr. E.D. Tenn. 2010) ("[A] Statement of Intention which indicates a debtor's desire to reaffirm is not the same thing as reaffirming the debt itself pursuant to the stringent provisions of 11 U.S.C. § 524(c)." (quoting *In re Stefano*, 134 B.R. 824, 826 (Bankr. W.D. Pa. 1991))). While a reaffirmation agreement was eventually executed for the HELOC, this did not occur until June 10, 2024, more than one month after Class Act received Johnson's payment. (Def.'s Mot. Dismiss & Summ. J. Ex. F, at 6, DN 9-9). Accordingly, Class Act's report to the reporting agencies that the HELOC was included in Johnson's husband's bankruptcy was accurate when the report was made.

5

Moreover, none of Johnson's disputes to the reporting agencies included the claim that the HELOC was erroneously noted as being part of a bankruptcy. (Def.'s Mot. Dismiss & Summ. J. Ex. H, DN 9-11; Def.'s Mot. Dismiss & Summ. J. Ex. I, DN 9-12; Def.'s Mot. Dismiss & Summ. J. Ex. J, DN 9-13). Instead, Johnson's disputes claim, in slightly different language, that Class Act reported the HELOC's status incorrectly because "[a]ccount in spouse name [sic] and he filed bankruptcy Chapter 7."[4] (Def.'s Mot. Dismiss & Summ. J. Ex. J).

Similarly, none of Johnson's disputes to the reporting agencies included a claim that the HELOC was erroneously reported as past due. (Def.'s Mot. Dismiss & Summ. J. Ex. H; Def.'s Mot. Dismiss & Summ. J. Ex. I; Def.'s Mot. Dismiss & Summ. J. Ex. J). The FCRA creates private rights of action to enforce many of its provisions. *Pittman*, 901 F.3d at 626. Consumers cannot, however, enforce the requirement that furnishers—e.g., Class Act—initially provide accurate information to the reporting agencies. *Id.* Thus, a consumer plaintiff has no private right of action against a defendant who reports allegedly inaccurate or incomplete information to a reporting agency unless the plaintiff includes the alleged inaccuracy in a complaint to the reporting agency. *See Downs v. Clayton Homes*, 88 F. App'x 851, 853-54 (6th Cir. 2004) ("If it is assumed that a private right of action exists . . . the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002))); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012) ("[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a [reporting agency]."); *see also Tyers v. GM Fin.*, No. 2:18-CV-11604, 2018 WL

---

[4] Johnson does not presently dispute that loan was also in her name. (Pl.'s Resp. Def.'s Mot. Summ. J. 2 ("Plaintiff is a co-signer on the subject account with her husband and entered into the [Class Act] loan agreement in August 2023.")).

3458753, at *3 (E.D. Mich. July 18, 2018); *Meza v. Dynamic Recovery Sols., LLC*, No. 1:22-CV-179, 2022 WL 2065076, at *2 (S.D. Ohio June 8, 2022).  The Sixth Circuit has held that "the nature and specificity of the information provided by the [reporting agency] to the furnisher may affect the scope of the investigation required . . ."  *Id.* at 617 (citing *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004)).

Johnson's disputes did not include the claim that Class Act had erroneously reported the HELOC as past due, so she cannot now bring a claim for the inaccurate reporting of that information or the failure to correct that reporting.  *See Meza*, 2022 WL 2065076, at *2 ("Defendants also correctly argue that Plaintiff cannot proceed on the theory that they (allegedly) *failed to investigate* whether the information they furnished was accurate.  This is so because Plaintiff's "Statement of Claim" does not include any mention of him filing a dispute over the accuracy of the information, which, in turn, triggers the duty to investigate." (citing *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019))).  Because Johnson does not dispute that the HELOC is in her name, Class Act correctly reported that the HELOC was part of Johnson's husband's bankruptcy, and Johnson did not contest that the HELOC was past due in her complaints to the reporting agencies, there is no genuine dispute of material fact from which a jury could conclude that Class Act violated the FCRA.  Accordingly, Class Act's motion is granted.

### B.    Plaintiff's Motion for Leave to Amend

Johnson moves for leave to file a signed copy of her interrogatories as an exhibit to her response to the summary judgment motion.  (Pl.'s Mot. Leave 1, DN 43).  She erroneously included an unsigned copy.  (Pl.'s Mot. Leave 1).  Because this motion is well-taken and unopposed, it is granted.

7

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion to Dismiss and for Summary Judgment (DN 36) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

2.      Plaintiff's Motion for Leave to Amend (DN 43) is **GRANTED**.

3.      The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 23, 2026

cc:      counsel of record